**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JACQUELINE ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:16-cv-2432 |
| | ) |
| ONEAMERICA FINANCIAL | ) |
| PARTNERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, Jacqueline Armstrong ("Armstrong"), by counsel, brings this action against Defendant, OneAmerica Financial Partners, Inc. , ("Defendant") alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et. seq. and  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2.      Armstrong is a resident of Marion County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b) and 42 U.S.C. §2000e(b).

6. Armstrong was an "employee" as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. §2000e(f).

7. Armstrong satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age, gender and retaliation. Armstrong received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Armstrong, female, was born in the year 1960.

11. Armstrong was hired by Defendant on or about September 3, 2010 as an Implementation Consultant.

12. Armstrong transferred to the Retirement Services Department and was promoted to an Internal Sales Consultant in or about January 3, 2014.

13.    In June 2014, Armstrong began reporting to Mark Ahern.

14.    At all relevant times, Armstrong met or exceeded Defendant's legitimate performance expectations.

15.    On or about May 28, 2015, Armstrong received an unwarranted written warning.  Similarly situated younger male employees engaged in the same conduct and were not disciplined.

16.    Despite meeting the goals outlined in her written warning, Defendant extended Armstrong's warning through September 30, 2015.  Again, through the extending warning, Armstrong met and/or exceeded all of the goals set out in the warning.  She was the top performer on SuperMetrics for September 2015.

17.    On or about October 5, 2015, Defendant informed Armstrong she would have to find a new position within the Company or she would be terminated on October 30, 2015.  Armstrong was replaced by a significantly younger male.

18.    Armstrong was demoted to a Plans Services Consultant position, and she was constructively discharged on or about November 6, 2015.

19.    The reasons given for termination are pretext for discrimination based on Armstrong's age and/or gender.  Similarly-situated younger male individuals have engaged in similar conduct and have not been demoted and/or terminated.

### V.  CAUSES OF ACTION

#### COUNT I – AGE DISCRIMINATION

20.    Armstrong hereby incorporates paragraphs one (1) through nineteen (19) of

her Complaint.

21.   Defendant discriminated against Armstrong on the basis of her age.

22.   Defendant has willfully and intentionally discriminated against Armstrong on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C.S. § 621 et. seq.

23.   Armstrong has suffered damages as a result of Defendant's unlawful actions.

## COUNT II – SEX DISCRIMINATION

24.   Armstrong hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25.   Defendant discriminated against Armstrong on the basis of her gender.

26.   Defendant has willfully and intentionally discriminated against Armstrong on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964.

27.   Armstrong has suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Jacqueline Armstrong, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.   Reinstate Armstrong to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Armstrong of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII, retaliation under the ADEA and defamation;

5. Punitive damages for Defendant's violations of Title VII, retaliation under the ADEA and defamation;

6. Liquidated damages for the Defendant's violation of the ADEA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,


BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger_____
Andrew Dutkanych III, Atty. No. 23551-49
Lauren E. Berger, Atty. No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
         lberger@bdlegal.com

Attorneys for Plaintiff, Jacqueline Armstrong

## DEMAND FOR JURY TRIAL

Plaintiff, Jacqueline Armstrong, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _/s/ Lauren E. Berger_____
Andrew Dutkanych III, Atty. No. 23551-49
Lauren E. Berger, Atty. No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email: ad@bdlegal.com
        lberger@bdlegal.com

Attorneys for Plaintiff, Jacqueline Armstrong